# EXHIBIT F



## SUNPOWER GROUP LTD.

---

**RESPONSE TO QUERIES FROM SINGAPORE EXCHANGE SECURITIES TRADING LIMITED ON THE ANNOUNCEMENT IN RELATION TO NOTICE OF LEGAL ACTION BY CERTAIN SUBSTANTIAL SHAREHOLDERS OF THE COMPANY AGAINST AMERICA 2030 CAPITAL LIMITED REGARDING COLLATERAL SHARES**

---

*Unless otherwise defined, capitalised terms used in this announcement shall bear the same meaning as ascribed to them in the announcement of Sunpower Group Ltd. ("**Company**") on 8 November 2018 in relation to the notice of legal action by certain substantial shareholders of the Company against America 2030 Capital Limited regarding collateral shares ("**8 November 2018 Announcement**").*

In response to the queries raised by the Singapore Exchange Securities Trading Limited ("**SGX-ST**"), the board of Directors (the "**Board**") of Sunpower Group Ltd. (the "**Company**") wish to provide the following information:

**Question 1:**

**Whether there is any borrowing or loan of the Company or its subsidiaries that contains any provisions which makes references to the shareholding interests of Mr Guo Hongxin and Mr Ma Ming in the Company or places restrictions on any change in control of the Company.**

**Our Response:**

Insofar as the existing borrowings or loans of the Company and its subsidiaries (collectively, the "**Group**") are concerned, only the CBs (as defined below) contain specific provisions that make reference to the shareholding interests of Mr Guo Hongxin ("**Mr Guo**") and Mr Ma Ming ("**Mr Ma**") in the Company or places restrictions on any change in control of the Company.

The Company has issued convertible bonds due 2022 of an aggregate principal amount of US$110 million to Glory Sky Vision Limited ("**GSV**") ("**Tranche 1 Convertible Bonds**"). In addition, Blue Starry Energy Limited ("**BSE**") and GSV have also agreed to subscribe for convertible bonds due 2022 of an aggregate principal amount of up to US$70 million ("**Tranche 2 Convertible Bonds**", together with the Tranche 1 Convertible Bonds, the "**CBs**") and the Company has issued US$20 million Tranche 2 Convertible Bonds to BSE and GSV.

Under the agreements relating to the CBs ("**CB Agreements**"), each of Mr Guo and Mr Ma had provided irrevocable undertakings to GSV and BSE, *inter alia*, not to dispose of certain percentage of their interests in the shares of the Company.

**Question 2:**

**Board's confirmation as to whether the Company is in compliance with Listing Rule 704(31) relating to Loan Agreements.**

**Our Response:**

As mentioned in the response to Question 1 above, insofar as the existing borrowings and loans of the Group are concerned in respect of the requirement under Listing Rule 704(31), relevant

**SUNPOWER GROUP LTD.**
Page 2

announcements in relation to the CBs have been made. Please refer to the Company's announcements on 14 December 2016, 9 February 2017, 13 February 2017 and 3 March 2017, and the Company's circular to shareholders dated 13 February 2017 relating to, *inter alia*, the Tranche 1 Convertible Bonds and the Company's announcements dated 22 May 2018, 16 August 2018, 21 August 2018 and 15 October 2018, and the Company's circular to shareholders dated 21 August 2018 relating to, *inter alia*, the Tranche 2 Convertible Bonds.

As mentioned in the 8 November 2018 Announcement, the loan agreement was entered into between the Lender, Mr Guo and Mr Ma (in their personal capacities), through their respective wholly-owned subsidiaries ("**Borrowers**", each a "**Borrower**"), pursuant to which the Lender is to extend a loan to each Borrower for their personal use ("**America 2030 Loan Agreement**"). None of the Company or its subsidiaries is a party to the America 2030 Loan Agreement. Accordingly, Listing Rule 704(31) is not applicable to the Group in respect of the America 2030 Loan Agreement.

<u>**Question 3:**</u>

**Whether the Company had obtained undertaking from Mr Guo Hongxin and Mr Ma Ming to notify the Company of any share pledging arrangements relating to their shareholdings in the Company and any other event which may result in a breach of the Company's loan provisions pursuant to Listing Rule 728 in relation to Share Pledging Arrangements, if applicable. Where not applicable, please provide an explanation.**

<u>**Our Response:**</u>

The Company has obtained undertakings from Mr Guo and Mr Ma pursuant to Listing Rule 728 in respect of the CBs.

<u>**Question 4:**</u>

**Board's confirmation as to whether the Group is in compliance with Listing Rule 728.**

<u>**Our Response:**</u>

The Board refers to the response to Question 3 above and confirms that the Group is in compliance with Listing Rule 728.

<u>**Question 5:**</u>

**Board's confirmation as to whether the Group is in compliance with Listing Rule 704(22) in relation to disclosure of any breach of any loan covenant which, in the opinion of the Company's directors which would result in the Company facing a cash flow problem.**

<u>**Our Response:**</u>

For the reasons set out in the response to Question 6 below, the Board confirms that the Group is in compliance with Listing Rule 704(22), as there is no breach of any loan covenants or notices received by the Group to demand repayment of loans granted to the Group.

<u>**Question 6:**</u>

**Whether the Company is in breach of any of the Company's or its subsidiaries' loan provisions in view of the unauthorized transfers of shares in relation to the Loan Agreement entered into between two substantial shareholders of the Company and America 2030 Capital Limited.**

**SUNPOWER GROUP LTD.**
Page 3

**Our Response:**

The Group is not in breach of any of the Group's loan provisions in view of the unauthorised transfers of shares in relation to the America 2030 Loan Agreement.

As referred to in our response to Question 1, only the CB Agreements, being loans taken out by the Group, contain specific provisions that make reference to the shareholding interests of Mr Guo and Mr Ma. Under the CB Agreements, it is a requirement that, *inter alia*, unless and until outstanding CBs have fallen below 5%, Mr Guo and Mr Ma shall not dispose of more than 20% of their combined holdings in the shares of the Company as at the date of the purchase agreement in respect of Tranche 2 Convertible Bonds. The Company understands that the shares of Mr Guo and Mr Ma (of approximately 1.89% of the total issued share capital of the Company, each), which have been transferred without authority, is less than the percentage as stipulated in the foregoing restriction.

In addition, there are also no specific restrictions under the CB Agreements imposed on Mr Guo and Mr Ma in respect of any pledge of or any other security over the shares granted by Mr Guo and Mr Ma. Accordingly, the shares that Mr Guo and Mr Ma (of approximately 1.89% of the total issued share capital of the Company, each) was each supposed to pledge as collateral pursuant to the America 2030 Loan Agreement was not in breach of the provisions in the CB Agreements.

**Question 7:**

**Board's opinion as to whether the Group is able to continue as a going concern and the bases for such an opinion.**

**Our Response:**

As mentioned in the responses above, the Group is not a party to the America 2030 Loan Agreement. The America 2030 Loan Agreement constitutes borrowings of the Group's substantial shareholders and do not, in any way, constitute borrowings of the Group.

Given the foregoing, as well as the response to Question 6 above that the Group is not in breach of any of the terms of its borrowings in view of the transfers of shares in relation to the America 2030 Loan Agreement, the Board is of the opinion that, the America 2030 Loan Agreement does not have any bearing on the Group's borrowings and the Group is therefore able to continue as a going concern.

By order of the Board

Yang Zheng

Independent Director

20 November 2018